**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jude Thaddeus DANAHY,**
**Defendant–Appellant.**

**No. 15–10521**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 29, 2016.

Arthur Lee Bentley, III Amanda C. Kaiser James A. Muench U.S. Attorney's Office Tampa, FL Roberta Josephina Bodnar U.S. Attorney's Office Orlando, FL, for Plaintiff–Appellee.

Thomas A. Burns, Burns, PA, Tampa, FL, for Defendant–Appellant.

Jude Thaddeus Danahy, Butner, NC, pro se.

Before MARTIN, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Jude Thaddeus Danahy pleaded guilty to a violation of 18 U.S.C. § 2422(b). The district court then sentenced Danahy and appointed Thomas Burns to represent him on direct appeal. Burns has now filed a motion in this Court asking to withdraw from the appeal. A few days after Burns filed this motion, the Acting Clerk of this Court wrote Danahy a letter informing him of his right to respond to the motion. Danahy then filed a *pro se* motion asking this Court to dismiss his appeal without prejudice. The motion was returned unfiled because Danahy is still represented by counsel. Danahy then sent Burns a letter saying that his trial lawyer was ineffective. Burns filed the letter in this Court.

Burns also filed a brief along with his motion to withdraw. This brief is based on *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and states that "counsel cannot argue in good faith any nonfrivolous challenge to Danahy's plea or sentence." Our independent review of the record confirms Burns's assessment. Danahy's conviction and sentence are thus **AFFIRMED,** and Burns's motion to withdraw is **GRANTED.** If Danahy plans to argue that his guilty plea was invalid because he received ineffective assistance of counsel, then his plea agree-

.ment will not bar him from raising this claim in a properly filed 28 U.S.C. § 2255 motion. *See United States v. Puentes–Hurtado,* 794 F.3d 1278, 1284–85 (11th Cir. 2015).